### APPEAL IN ALIMONY CASE WITHOUT BOND.

Circuit Court of Cuyahoga County.

MINEDA E. COLBY v. H. H. COLBY ET AL.

Decided, January, 1904.

*Appeals—Alimony—Wife May Appeal Cause for Alimony Without Giving Bond.*

An action wherein a wife has sought alimony and a decree subjecting property of the husband in the hands of third parties to the payment of the alimony, may be appealed without the giving of an appeal bond.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Plaintiff brought an action in the common pleas court against her husband and his daughter praying for an allowance of alimony and that property in the hands of the daughter be charged with the payment of said alimony as the property of her husband.

Upon the hearing the court awarded alimony to be paid weekly by the husband, but on the issues joined with the daughter,

found in favor of the daughter. Plaintiff duly filed notice of appeal but no appeal bond, and the matter is now before this court on a motion by the daughter to dismiss the appeal as to her because no appeal bond has been given.

Whatever doubt formerly may have existed as to the practice of joining in a suit for alimony a cause of action against a third person, charging the latter with the possession of property out of which alimony is sought (*Laughery* v. *Laughery*, 15 O., 404), such procedure is now authorized by Section 5701, Revised Statutes, found in the chapter on divorce and alimony.

It is not doubted that all the issues in this case were appealable, as none of the parties were entitled to a jury on any question involved (Section 5226, Revised Statutes). The general statute on perfecting appeals (Section 5227) provides that the party desiring to appeal shall file an undertaking within thirty days after the entering of the judgment appealed from. The requirement of a bond is waived by several sections of the statutes. A party in any trust capacity or a county treasurer under certain circumstances, is not required to give bond (Section 5226). A party in a fiduciary capacity, in which he has given bond within the state, for the faithful discharge of his duties, who appeals in the interest of his trust, need not give bond. Section 6408.

So we find in the chapter on divorce and alimony that by Section 5706 appeals from judgments or orders under said judgment are limited to certain cases, among them a final judgment or order refusing alimony. There was such final order in this case, granting alimony and refusing to charge it upon property in possession of the daughter. Counsel for the daughter say that the order as to her was not under this chapter, but under the general equitable powers of the court or under sections of the statutes found in other chapters, citing Sections 4198, 6343 and 7080. We are inclined to believe counsel is wrong in this claim, but it is unnecessary to rule upon it. The last clause of Section 5706 stands by itself and reads as follows: "and when an appeal is taken by the wife, she shall not be required to give bond." The wife can not appeal part of her cause without

appealing all the issues in it (*Branch* v. *Dick*, 14 O. S., 551, 557; *Wright* v. *Western Union Telegraph Company*, 4 C. C., 375). Nor was there any effort made in this case to appeal this case as to part of the issues; the notice of appeals reads: "Now comes plaintiff and gives notice of her intention to appeal this case to the circuit court," etc. No question is raised as to her right to appeal the alimony part of her case, without giving bond. By appealing it all she brought up the whole case. Should the motion of the daughter be granted, only part of the case would be here on appeal, necessitating its dismissal under the authorities cited. We do not think the right of the wife to appeal without bond should be thus nullified. It is one of the beneficent provisions of the law in harmony with other provisions which favor her on account of her necessities.

The motion is overruled.